**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard CARRILLO, Defendant–**
**Appellant.**

**No. 12–10295.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2012.*

Filed Dec. 12, 2012.

Peter Ko, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, Robert Lawrence Ellman, Esquire, Assistant U.S., Nancy J. Koppe, Esquire, Assistant U.S., Peter Stuart Levitt, Esquire, Assistant U.S., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Brenda Weksler, Esquire, Assistant Federal Public Defender, Alina Maria Shell, Jonathan Sussman, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: TROTT and RAWLINSON, Circuit Judges, and BLOCK, District Judge.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

MEMORANDUM ***

Carrillo appeals his sentence imposed following his admitted violation of multiple terms of supervised release. Because Carrillo's counsel did not object to the sentence he now appeals, we review for plain error. *United States v. Waknine,* 543 F.3d 546, 551 (9th Cir.2008). In so doing, we do not discern any error in the challenged proceedings, much less error that was "plain" or that affected Carrillo's "substantial rights." *Id.* Because the methamphetamine he possessed was individually packaged in six different bags, the evidence supports an inference—unchallenged in the district court—that the possession of the illegal substance was for sale. *United States v. Martinez,* 967 F.2d 1343, 1345–46 (9th Cir.1992). This violation constituted a felony offense in Nevada and supports a Grade A violation. These circumstances support in turn the sentence imposed of 18 months imprisonment with an additional term of 42 months of supervised release.

As to Carrillo's allegations of errors in the judgment of conviction, the matter is remanded to the district court to revisit only (1) whether the written judgment accurately conforms to the court's oral pronouncement of the sentence and the court's intentions, and (2) whether a typographical error exists with respect to the amount of the fine.

AFFIRMED IN PART. REMANDED for the limited purpose of revisiting the written judgment of conviction.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.